UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA LEE, | ) |
| Plaintiff, | ) |
| v. | )  Case No. 4:21-cv-00305-SRC |
| WERNER CO., | ) |
| Defendant. | ) |

**Memorandum and Order**

Plaintiff Pamela Lee fell from a ladder produced by Defendant Werner Co. and purports to have suffered fourteen injuries. She filed suit in Missouri state court, claiming Werner manufactured a defective ladder, failed to warn Lee of its dangerous characteristics, and breached a variety of warranties. After Werner removed this case to federal court, Lee filed a motion to remand, arguing Werner failed to timely remove this case. The Court finds that Werner timely removed this case to federal court, and therefore, denies Lee's motion to remand.

**I.      Background**

Lee filed a petition in the Circuit Court of St. Louis County, Missouri on November 19, 2020. Doc. 4. Lee served Werner on December 11, 2020. Doc. 1-4, pp. 2, 42–43. In December 2020 and January 2021, Werner propounded informal discovery. For example, Werner requested an opportunity to inspect the ladder at issue and conducted its inspection of the ladder in December 2020. Doc. 10 at ¶ 1. Werner next requested that Lee complete a medical questionnaire, which she returned to Werner's counsel in late December. *Id*. at ¶ 5. Finally, Werner asked to inspect Lee's home, where the fall occurred, and for any photographs that Lee had of the area in question. *Id*. at ¶ 7. Lee voluntary produced the photographs on January 15, 2021. *Id*.

Werner answered Lee's petition and submitted Requests for Admission to Lee on January 15, 2021. *Id*. at ¶ 6. Lee responded to Werner's Requests for Admission on February 11, 2021 and admitted that her "damages in this case exceeded $75,000." Doc. 12-2. After receiving Lee's discovery responses, Werner removed the case to federal court on March 11, 2021 on the basis of diversity jurisdiction. Doc. 1.

Lee filed a motion to remand for untimely removal. Doc. 10. With Werner having responded to the motion, Doc. 12, and Lee failing to reply within the time allotted under Local Rule 4.01, the motion is now ripe for review.

## II.     Standard

A defendant may remove to federal court any state court civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). The federal court must remand the case to state court if it lacks subject matter jurisdiction. *Id.* (citing 28 U.S.C. § 1447(c)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.    Discussion

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Werner removed this action on the basis of diversity jurisdiction because Werner and Lee are citizens of different states and the amount in controversy exceeds $75,000. Doc. 1 at ¶¶ 6 – 13. Lee does not dispute that this case meets the requirements for diversity jurisdiction; rather she argues that Werner failed to timely remove this action because it filed its notice of removal more than 30 days after it received Lee's petition. Doc. 10.

Usually, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(3).  The removal statute further provides that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery*, shall be treated as an 'other paper' under subsection (b)(3)." *Id*. at § 1446(c)(3)(A).

Here, Werner concedes that it did not file a notice of removal within 30 days of receipt of Lee's petition.  Instead, it argues that the "initial pleading [was] not removable" because it could not be ascertained that the amount in controversy exceeded $75,000 and thus this case did not meet the requirements for diversity jurisdiction.  However, upon receiving Lee's responses to its Requests for Admission, Werner claims it discovered for the first time that the amount in controversy exceeded $75,000.  Doc. 1 at ¶ 12.  Consequently, Werner argues it timely removed this case because it filed its notice of removal within 30 days of receiving an "other paper" from which it first ascertained that the amount in controversy exceeded $75,000.  Doc. 12.  The Court must therefore assess whether it could be ascertained from the initial petition that the amount in controversy exceeded $75,000.

The Eighth Circuit sets a low bar for defendants seeking removal under section 1446(b)(3), stating that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial

3

complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the jurisdictional amount." *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam). "This rule promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* (citation and internal quotation marks omitted). This rule also "prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court." *Id.*

The parties do not dispute that Lee's petition does not explicitly state that she seeks damages greater than $75,000. Doc. 12-1. Lee did not allege any facts regarding the amount of medical expenses she incurred or wages she lost; instead she merely "pleaded the statutory requirements imposed by the State of Missouri seeking a jury verdict 'fair and reasonable and in excess of $25,000.'" Doc. 11 at p. 5; *see also* Doc. 1-1. Lee argues however, that based on the number of injuries she stated she suffered from in her petition, it "is . . . difficult to believe" that "Defendants [sic] were not of the belief that based upon these personal injuries Ms. Lee's amount in controversy did not exceed $75,000." Doc. 10 at ¶ 16.

But the Eighth Circuit has repeatedly rejected the argument that defendants "ha[ve] to glean from the general allegations of damages [in a complaint] whether a jury could conceivably render a verdict in excess of $75,000." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 973–74 (8th Cir. 2011). Additionally, although Missouri Rule of Civil Procedure 55.19 prohibits plaintiffs from explicitly stating the amount in controversy in the petition, *Knudson* disregarded this restriction because plaintiffs may trigger the section 1446(b)'s 30-day deadline in other ways. *Id.* at 974 (explaining "that the defendant's receipt, 'through service or otherwise, of a copy of an amended pleading, motion, order, or other paper" triggers the running of the thirty-day deadline" (quoting 28 U.S.C. § 1446(b))). As Werner notes, Lee did not deploy the other means available to her to

4

potentially trigger the deadline—she did not make a settlement demand, nor did she send Werner her medical bills or information about lost wages. Doc. 12 at p. 3. Finally, although Werner states in its notice of removal that "case law and jury and settlement research" demonstrates the amount in controversy exceeds $75,000, Doc. 1 at ¶ 11, nothing indicates that Werner possessed that knowledge before it received Lee's discovery responses.

Therefore, because Lee's petition did not explicitly state that the amount in controversy exceeded $75,000, and Werner filed its notice of removal within thirty days of receiving Lee's responses to its Requests for Admission from which it first learned that the amount in controversy exceeded $75,000, the Court concludes that Werner timely removed this matter. *See Hesser v. Home Depot U.S.A., Inc.*, No. 4:13-CV-227 CAS, 2013 WL 1914435 (E.D. Mo. May 8, 2013). Accordingly, the Court denies Lee's [10] Motion to Remand. A Rule 16 conference will be set by separate order of the Court.

So Ordered this 14th day of May 2021.

_SL R. CL_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**